GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: STEVEN J. KOCHEVAR
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2715
E-mail: steven.kochevar@usdoj.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 0 7 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHUNG SHING MEATS, INC., a/k/a NEW
CHUNG HING MEATS, INC., MIAO HE
FENG, YIU KWAN CHEUNG, WING HONG
CHEUNG, and TIAN LUN FENG,

Defendants.

---

No. 19 Civ. 11749 (GBD)

**CONSENT DECREE**

WHEREAS, on December 23, 2019, Plaintiff the United States of America (the "United

States"), acting on behalf of the United States Department of Agriculture ("USDA"), filed a

complaint for injunctive relief (the "Complaint") against Defendants Chung Shing Meats, Inc.,

("Chung Shing"), Miao He Feng, Yiu Kwan Cheung, and Tian Lun Feng (collectively,

"Defendants"), alleging that Defendants have violated, and threaten to violate in the future, the

Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 *et seq.*, and the Poultry Products

Inspection Act ("PPIA"), 21 U.S.C. § 451 *et seq.*;

WHEREAS the United States and Defendants (collectively, the "Parties") agree, and the

Court by entering this Consent Decree finds, that this consent decree is fair, reasonable, and in the

public interest; and

NOW, THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. §§ 467c and 674 and 28 U.S.C. §§ 1331, 1337 and 1345, and personal jurisdiction over all the parties to this action.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## ADMISSIONS

3.     Defendants admit, acknowledge, and accept responsibility for the following:

a.     Defendant Chung Shing is a retail distributor of meat and poultry products, with a retail store and principal place of business located at 19 Catherine Street, New York, New York 10038. Defendant Chung Shing has also operated as New Chung Hing Meats, Inc.

b.     Defendant Wing Hong Chueng is the President of New Chung Hing Meats, Inc.

c.     Defendant Miao He Feng was formerly the President of Chung Shing, at a time when violations occurred.

d.     Defendant Yiu Kwan Chueng is or was the Vice President of Chung Shing at a time when violations occurred.

e.     Defendant Tian Lun Feng is or was the Manager of Chung Shing at a time when violations occurred.

2

f.     Defendants are and have been engaged in the business of preparing and selling, among other things, meat, meat food products, poultry, and poultry products in the State of New York and within the jurisdiction of this Court.

g.     Defendants have repeatedly sold non-federally inspected and misbranded meat, meat food products, poultry, and poultry products to retailers for resale, in violation of the FMIA and the PPIA.  Among other instances, on or about April 29, 2019, May 2, 2019, and April 6, 2018, Defendants sold for resale non-federally inspected sliced beef meat, non-federally inspected pork baby ribs, non-federally inspected beef shin meat or non-federally inspected beef bones misbranded as Confucius Style Duckling.

## INJUNCTIVE RELIEF

4.     ***Compliance with FMIA and PPIA.***  Defendants and each and all of their directors, officers, agents, servants, representatives, employees, successors, or assigns, and any and all persons in active concert or participation with them, directly or indirectly, who received actual notice of this Decree by personal service or otherwise, are hereby permanently restrained and enjoined from:

a.     selling, transporting, offering for sale or transportation, or receiving for transportation, any meat, meat food products, poultry, or poultry products required to be inspected and passed by USDA that have not been inspected and passed by USDA federal inspectors;

b.     preparing or processing meat, meat food products, poultry, or poultry products in unsanitary conditions;

3

      c.     not keeping such records as will fully and correctly disclose the purchase, receipt, offer for sale, sale, transport, and any other transaction regarding any meat, meat food products, poultry, or poultry products involved in their business; and

      d.     engaging in any other conduct that would violate the FMIA or PPIA and/or the regulations promulgated thereunder.

    5.    ***Recordkeeping.***  Defendants must prepare and maintain, for each product containing meat, meat food products, poultry, or poultry products, whether operating pursuant to any exemption to the requirement of obtaining a federal grant of inspection under the FMIA (a "FMIA Inspection Exemption"), 9 C.F.R. Part 320, or PPIA (a "PPIA Inspection Exemption"), 9 C.F.R. Part 381, Subpart C, or pursuant to a grant of federal inspection under the FMIA or PPIA, business records of all transactions involving meat, meat food products, poultry, or poultry products. Such business records shall include, but are not limited to, documents showing the amounts of meat, meat food products, poultry, or poultry products purchases by Defendants and receipts for such purchases, and the amounts of meat, meat food products, poultry, or poultry products sold by Defendants to customers and receipts for such sales, and as otherwise set out at 9 C.F.R. §§ 320.1, 381.175. Defendants must maintain each record for a period of not less than three (3) years from the date of origination of such record. These records must be maintained at Defendants' establishment or facility.

    6.    ***Federal Grant of Inspection.***  In the event that Defendants perform or intend to perform operations which require a federal grant of inspection under the FMIA or PPIA, in order to be issued a grant of federal inspection and commencing operations under such grant, including slaughtering, preparing, processing, selling, transporting, offering for sale or transportation, or receiving for transportation meat, meat food products, poultry, or poultry products, Defendants

4

must demonstrate, subject to review and verification by the USDA's Food Safety and Inspection Service ("FSIS"), compliance with all FSIS statutory and regulatory requirements, including but not limited to 9 C.F.R. Parts 381, 416, 417, and 418. FSIS's review and verification will include an examination of Defendants' establishment, facilities, operations, and equipment, as well as Defendants' written Hazard Analysis and Critical Control Point program, Sanitation Performance Standards, Sanitation Standard Operating Procedures, and other food safety programs required by FSIS regulation.

7. *Compliance with Regulations.* Defendants agree to comply at all times with all applicable requirements of 9 C.F.R. § 303.1, 9 C.F.R. § 381.10 and Title 1, Part 271 of the Official Compilation of Codes, Rules & Regulations of the State of New York.

8. *Mandatory Training.* Within sixty (60) days of the date of the entry of this Consent Decree by the Court, Defendants and all of their employees must complete training and education in the FMIA and PPIA statutes and regulations, labeling, sanitation, food safety, and product handling. Defendants must submit a written description of the training and educational program they propose to implement no later than two weeks prior to conducting such training and instruction to the Enforcement & Litigation Division ("ELD") Director for review and approval. Defendants must implement this training for all new employee(s) within five (5) working days of commencing employment. Defendants and their employees must also undergo training and education in the FMIA and PPIA statutes and regulations, labeling, sanitation, food safety, and product handling procedures on an annual basis, and must ensure that adequate records of such training and educational programs are available to FSIS personnel for review and/or copying immediately upon request.

5

9. *Access; Seizure.* Defendants must, at all reasonable times, afford duly authorized representatives of the USDA full access to Defendants' establishment, if operating pursuant to a federal grant of inspection, or to their facility, if operating pursuant to a FMIA or PPIA Inspection Exemption. "Full access" includes full and unimpeded opportunity to inspect and examine Defendants' establishment or facility, operations, equipment, inventory, and records; to copy all such records; and to take reasonable samples of inventory. "All reasonable times" means any hours during which Defendants are doing business at Defendants' establishment, including hours before dawn where applicable. Additionally, authorized representatives of the USDA shall have the right to seize and destroy any and all misbranded or uninspected meat, meat food products, poultry, or poultry products in accordance with applicable laws, regulations and USDA Food Safety Inspection Service directives.

10. *Business Changes.* Defendants shall notify the United States in writing at least twenty (20) days before any change or cessation in ownership or character of their business, such as assignment or sale resulting in the creation or emergence of a successor corporation or business entity, the creation or dissolution of subsidiaries, change or alteration of the business form or name, or any other change in their business structure that may have an effect upon Defendants' compliance with the terms of this Consent Decree.

11. *Violation of Sales Requirements.* If Defendants fail to comply with the applicable sales restrictions of Paragraph 4(a) of this Consent Decree, Defendants agree to the following relief:

a. for the first violation, Defendants agree to pay to the United States a civil penalty of $500.00 per pound, or portion thereof, of meat, meat food products, poultry, or poultry products sold; and

6

b.     for every violation thereafter, Defendants agree to pay to the United States a civil penalty of $1,000.00 per pound, or portion thereof, of meat, meat food products, poultry, or poultry products sold.

12.     ***Violation of Other Requirements.***  If the Defendants fail to comply with any applicable requirement of the FMIA or PPIA and their regulations or with the requirements of this Consent Decree other than violations of the sales restrictions under Paragraph 4(a)— including violations of Paragraph 4(b)-(c) and Paragraph 5—Defendants agree to the following relief:

a.     for the first violation, Defendants agree to pay to the United States a civil penalty of $500.00;

b.     for the second violation, Defendants agree to pay to the United States a civil penalty of $1,000.00; and

c.     for every violation thereafter, Defendants agree to pay to the United States a civil penalty of $2,500.00.

13.     ***Serious or Repeat Violations.***  The amounts set forth in Paragraphs 11 and 12 shall be separate and apart from any other remedy that the United States may pursue for violations of this Consent Decree. Should enforcement proceedings beyond this Consent Decree be necessary, Defendants agree that the United States shall be entitled to recover from Defendants all court reasonable costs and expenses incurred by the Food Safety and Inspection Service of the USDA in such proceedings, including investigation time, preparation time, and reasonable attorneys' fees. If Defendants commit any serious violations of the FMIA or PPIA or their regulations, or commit four or more violations of a similar type of the FMIA or PPIA or their regulations concerning (a) preparing, processing, or otherwise operating under unsanitary

7

conditions; (b) selling, transporting, offering for sale or transportation, or receiving for transportation adulterated meat, meat food products, poultry, or poultry products, and/or misbranded meat, meat food products, poultry, or poultry products; (c) processing any meat, meat food products, poultry, or poultry products, capable of use as human food, except in compliance with the FMIA and PPIA; (d) selling, transporting, offering for sale or transporting, or receiving for transportation non-federally inspected meat, meat food products, poultry, or poultry products, when the FMIA or PPIA requires inspection of such meat, meat food products, poultry, or poultry products; or (e) operating under a FMIA or PPIA Inspection Exemption without appropriate license(s) from the New York State Department of Agriculture & Markets or other appropriate state or local agency; then USDA may summarily terminate Defendants' exempt status pursuant to 21 U.S.C. § 464 and 9 C.F.R. §§ 381.10, 381.13, or summarily withdraw any grant of federal inspection pursuant to 21 U.S.C. § 467 and 9 C.F.R. Part 500, as applicable.

14. *Judicial Review.* If Defendants disagree with a determination made by USDA pursuant to Paragraphs 11 to 13 of this Consent Decree, they may petition the Court for an independent review of USDA's determination(s). Any such petition must be filed within thirty (30) days of USDA's determination(s) for which review is sought. In reviewing USDA's determination(s), the Court will apply the same standard of review applicable to review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Review shall be based exclusively on the written record before the USDA at the time the decision was made. No discovery shall be taken by either party. In the absence of a timely petition for review, USDA's determination(s) will become final and unreviewable. Defendants shall be liable for such relief

8

as the Court deems appropriate in a proceeding brought either *sua sponte* or by the United States, for any failure to comply with any terms of this Consent Decree.

15. ***Other Rights and Remedies.*** This Consent Decree does not limit any rights or remedies available to the United States for any violation of the FMIA or PPIA and their associated regulations, or any rights or remedies available to the United States for any criminal violations. Defendants hereby waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to violations of this Consent Decree that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment to the Constitution, the Excessive Fines Clause of the Eighth Amendment to the Constitution, any statute of limitations, or the doctrine of laches, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Consent Decree constitutes an agreement by the United States concerning the characterization of payments from Defendants to the United States for purposes of the Internal Revenue laws, Title 26 of the United States Code.

16. ***Future Regulatory or Administrative Actions.*** The Parties agree that nothing in this Consent Decree shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including, but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings.

17. ***Contempt.*** Should the United States bring and prevail in a contempt action to enforce the terms of this Consent Decree, Defendants shall, in addition to other remedies, reimburse the United States for its reasonable attorneys' fees, travel expenses incurred by attorneys and witnesses, expert witness fees, administrative and court costs, investigation and

9

analytical expenses incurred in bringing the contempt action, and any other costs or fees related to the contempt proceedings.

18. ***Termination.*** After Defendants have maintained continuous satisfactory compliance with all requirements of this Consent Decree, as well as all applicable provisions of the FMIA and PPIA, for a period of four (4) years following the entry of the Consent Decree, Defendants may serve upon the United States a request for termination of the Consent Decree ("Request for Termination"), explaining how Defendants have satisfactorily complied with all such requirements, together with all necessary supporting documents. The parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the parties may have with respect to whether Defendants have satisfactorily complied with the requirements for termination of the Consent Decree. If the United States agrees that the Consent Decree may be terminated, the parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree. If the United States does not agree that the Consent Decree may be terminated, Defendants may file a motion with this Court seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that Defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States. Defendants must bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of the Consent Decree and applicable provisions of the FMIA and PPIA, and that there is good cause to terminate the Consent Decree under Rule 60(b).

19. ***Provision of Copies; Declaration of Compliance.*** Defendants must provide a copy of this Consent Decree to each of their officers, directors, and employees within ten (10) days of the date of entry of this Consent Decree by the Court and must, within thirty (30) days of

10

the date of entry of this Consent Decree, provide undersigned counsel for the United States with a sworn declaration of compliance that contains the information set forth below. Defendants must also include in a sworn declaration that training has been provided to each employee within sixty (60) days after the entry of the Consent Decree by the Court. The sworn declaration must set forth the fact and manner of compliance with this paragraph and must identify the name and position of each person provided with a copy of this Consent Decree. If the person does not have a formal title, the sworn declaration must set forth after such person's name the function that such person performs.

20. *Fees and Costs.* Each party shall bear its own costs and attorneys' fees.

21. *Service.* For purposes of this Consent Decree, service upon USDA (in particular the ELD Director), and the United States must be accomplished by hand delivery, by overnight delivery using a private carrier, *e.g.*, Federal Express, or by United States Postal Service certified mail with return receipt, and shall be made to the following addresses:

> For USDA:
> United States Department of Agriculture
> Food Safety and Inspection Service
> Office of Investigation, Enforcement and Audit
> Attention: Director, Enforcement and Litigation Division
> Patriot Plaza III, 9th Floor, Cubicle 9-235A
> 355 E Street SW
> Washington, DC 20024-3221
>
> For the United States:
> United States Attorney's Office
> Southern District of New York
> Attn: Assistant U.S. Attorney Steven Kochevar
> 86 Chambers Street, 3rd Floor
> New York, NY 10007

22.     **Payments.** If Defendants are required to make any payment pursuant to this Consent Decree, Defendants will make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States.

23.     **Effective Date.** The provisions of this Consent Decree shall become effective immediately as to all Parties upon execution thereby.

24.     **Jurisdiction.** The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Decree.

Dated:     12/18 , 2019
           New York, New York

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for the United States of America*

                     By:      _____
                              STEVEN J. KOCHEVAR
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, NY 10007
                              Tel.: (212) 637-2715
                              E-mail: steven.kochevar@usdoj.gov

Dated:     10/17 , 2019

           New York, New York

                     By:      _____
                              WING HONG CHEUNG

                     By:      _____
                              MIAO HE FENG

                     By:      _____
                              YIU KWAN CHEUNG
                                        EU

                                  12

By: _Tian Lun Feng_
     TIAN LUN FENG

NEW CHUNG HING MEATS, INC. (a/k/a
CHUNG SHING MEATS, INC.)

By: _____
     WING HONG CHEUNG, President

SO ORDERED:

_George B. Daniels_
UNITED STATES DISTRICT JUDGE

Dated:      **ΓJAN 0 7 2020**
     New York, New York

13